# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| ROGER PRINGLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:15-CV-447 JM |
| v. | ) |
| | ) |
| CORIZON HEALTH CARE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION and ORDER

Roger Pringle, a *pro se* prisoner, filed an amended complaint alleging that Dr. Justin Marandet and Medical Director Ms. Cummings denied him medical treatment. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint.

Here, Pringle alleges that he sought medical treatment from Dr. Marandet for his ear on three occasions – most recently on February 18, 2013, when the doctor refused to admit him to the hospital ward. Pringle does not mention having any other contact with Dr. Marandet about his ear (or anything else) since then. However, this claim is untimely because Indiana's two-year statute of limitations for personal injury claims is applicable to personal injury causes of action brought in Indiana under 42 U.S.C. § 1983. *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001).

Because Pringle did not sign the complaint for this case until September 16, 2015, it is barred by the statute of limitations.

Pringle also alleges that he complained to Medical Director Ms. Cummings about a lack of treatment for his ear, but he does not say when. He alleges that she removed him from the chronic care list for his ear, but he does not say when, nor whether or not being on the list prevented him from obtaining treatment for his ear. Neither does he explain who was treating his ear when he was on the chronic care list nor what treatment was being provided. He has clearly alleged that Dr. Marandet was not providing him treatment for his ear, but since he was on the chronic care list for his ear, it appears that someone was providing treatment – at least until Medical Director Ms. Cummings removed him from that list on some unknown date for some unknown reason. However, it is unclear whether he received treatment for his ear despite not being on that list. He also alleges that she subsequently put him back on the chronic care list.

Though it is unclear when that happened, it is clear that putting him on the list was not deliberately indifferent and so that does not state a claim. *See Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) ("[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." (quotation marks, brackets, and citation omitted)).

This complaint does not state a claim. However, because Pringle has omitted many dates and other facts related to how Medical Director Ms. Cummings handled the medical issues related to his ear, it is possible that he might be able to state a claim against her if he filed an amended complaint. Therefore he will be granted the opportunity to do so. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

For these reasons, the court:

(1) **DIRECTS** the clerk to place this cause number on a blank Prisoner Complaint 42 U.S.C. § 1983 form and send it to Roger Pringle;

(2) **GRANTS** Pringle until January 1, 2016, to file an amended complaint; and

(3) **CAUTIONS** Pringle that if he does not respond by that deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the amended complaint (DE # 8) does not state a claim.

**SO ORDERED.**

Date: November 19, 2015

 s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT